Filing # 211104285 E-Filed 11/17/2024 09:39:22 PM

## IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

MCS OF TAMPA, INC.,
a Florida corporation,
    Plaintiff,

v.
    Case No. 24-CA-009169
    DIVISION C

SIEMENS INDUSTRY, INC.,
a Delaware corporation,
    Defendant.
_____/

TIME: _____

DATE: _____

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

SERVER: _____

**SUMMONS**    ID #: _____

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the defendant, **Siemens Industry, Inc.,** pursuant to Section 48.081(3) and 48.091, Florida Statutes, upon its registered agent:

    **CT CORPORATION SYSTEM**
    **1200 South Pine Island Road**
    **Plantation, FL 33324**

or by service, pursuant to Section 48.081(1) or (2), Florida Statutes, at its principal address, at:

    **100 Technology Drive**
    **Alpharetta, GA 30005**

Each defendant is required to serve written defenses to the complaint or petition on plaintiff's attorney, whose name and address is **Jesse L. Skipper, Esq., Skipper Law, 1017 9th Ave. N., St. Petersburg, FL 33705, jesse.skipper@skipperlaw.net**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

Jesse L. Skipper
Attorney for Plaintiff
1017 9th Ave. N.
St. Petersburg, FL 33705
(727) 896-8781
jesse.skipper@skipperlaw.net

CINDY STUART
Hillsborough County Clerk of Court
BY: *Brianna Sutherland*
As Deputy Clerk    800 E. Twiggs St.
P.O. Box 360    Room 101
Tampa, FL 33601    Tampa, FL 33602
    DATED: November 18, 2024

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.



EXHIBIT 4

IN THE CIRCUIT/COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT, IN AND FOR HILLSBOROUGH COUNTY, FLORIDA

MCS OF TAMPA, INC.

    Plaintiffs,

v.

Case Number: 24-CA-009169
Division C

SIEMENS INDUSTRY, INC.

    Defendants.

---

## DIFFERENTIATED CASE MANAGEMENT ORDER & NOTICE OF CASE MANAGEMENT HEARING ON 6/4/2025 AT 9:30 AM (GENERAL CIRCUIT CIVIL CASES FILED AFTER APRIL 30, 2021)

THIS CAUSE comes before the Court on review of Amendment 12 to Florida Supreme Court Administrative Order AOSC20-23 (the "**Supreme Court Order**"). The Supreme Court Order directs the chief judge of each circuit to issue an administrative order requiring the presiding judge for each civil case to actively manage civil cases in accordance with a differentiated case management process. Consistent with this requirement, the Chief Judge of the Thirteenth Judicial Circuit issued Administrative Order S-2021-060 (the "**Case Management Plan**") on April 26, 2021.

Accordingly, it is now

**FOUND, ORDERED,** and **ADJUDGED** that:

1. **Designation of Case.** This case is preliminarily designated as a *General* civil case, as defined by the Supreme Court Order and the Case Management Plan.

2. **Plaintiff's Obligation to Serve DCM Order on All Defendants.** Consistent with the Case Management Plan, this Differentiated Case Management Order & Notice of Hearing (the "**DCM Order**") has been generated automatically upon the filing of the complaint and will be provided to Plaintiff along with the summons. Plaintiff is **DIRECTED** to serve the DCM Order on each and every named defendant in the same manner and at the same time as the complaint itself is served.

Filed 11/18/2024 1:14:28 PM Hillsborough County Clerk of the Circuit Court

Page **1** of 7

3. **Conformity with Supreme Court Order's Directive.** The deadlines established in this DCM Order are set in conformity with the Supreme Court Order's directive that General civil cases be managed according to the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

4. **Procedure for Modification of Deadlines.** Counsel or any self-represented parties, or both, may seek to modify the deadlines set forth in this order by either:

    a.  Filing a motion and setting it for hearing; or

    b.  Stipulating to new deadlines and submitting an Amended Differentiated Case Management Order. The Amended Differentiated Case Management Order ("**Amended DCM Order**") form is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Amended DCM Order must include a date for a court-ordered case management conference (the "**Court-Ordered Case Management Conference**"). Hearing time for the Court-Ordered Case Management Conference should be secured on either a Uniform Motion Calendar ("**UMC**") docket or a 15-minute hearing docket.

5. **Procedure for Setting Firm Trial Date When Case is at Issue.** Consistent with the Supreme Court Order's mandate, the deadlines set forth in this DCM Order contemplate a projected trial date within the time standards specified in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B). A firm trial date will be set through entry of a Uniform Order Setting Trial & Pretrial at the Court-Ordered Case Management Conference or as otherwise provided in this order.

6. **Court-Ordered Case Management Conference.** It is appropriate to set a Court-Ordered Case Management Conference prior to the close of fact discovery to both assess the progress of the case and set a firm trial date.

    a. **Date and Time for Court-Ordered Case Management Set Below.** A date and time for the Court-Ordered Case Management Conference is set below.

    b. **Method of Conducting Court-Ordered Case Management Conference:** The Court-Ordered Case Management Conference will be conducted remotely through the use of the following technology and connection instructions:

    The Court's Zoom link is https://zoom.us/j/8901592416 and Zoom Meeting ID is 890-159-2416. No additional password is required for attendance.

    c. **Attendance Mandated.** Counsel and any self-represented parties **MUST ATTEND** unless otherwise excused by the Court and must be prepared to discuss selection of a firm trial date and corresponding pretrial conference date and time.

Filed 11/18/2024 1:14:28 PM Hillsborough County Clerk of the Circuit Court

d. **Process for Securing Excusal from Attending the Court-Ordered Case Management Conference:**

   i. **Automatic Excusal.**

   1. Unless otherwise ordered by the presiding judge, counsel or any self-represented parties, or both, are automatically excused from attending the Court-Ordered Case Management Conference if a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) has been submitted to and signed by the Court at least 30 days before the date of the Court-Ordered Case Management Conference; and

   2. Any party seeking to invoke this automatic excusal provision should notify the judicial assistant by email sent to the division email address within 3 business days of the date the Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) is signed.

   ii. **Discretionary Excusal.**

   1. Counsel or self-represented parties, or both, may seek a discretionary excusal from the Court-Ordered Case Management Conference by filing a motion and submitting an agreed proposed order excusing attendance by the Court on one of the following grounds:

      a. The Court has signed an Amended DCM Order, either by stipulation or by filing a motion and setting a hearing, <u>AND</u> the Amended DCM Order sets a new Court-Ordered Case Management Conference; or

      b. Counsel has otherwise demonstrated good cause to believe that the case is otherwise in full compliance with the Supreme Court Order's mandate and the Case Management Plan.

e. **Failure to Attend Court-Ordered Case Management Conference.** The failure to attend the Court-Ordered Case Management Conference may result in the case being set for a trial date without input of the absent counsel or self-represented party, or both; dismissal of the complaint without prejudice; entry of a judicial default; monetary sanctions against counsel or any self-represented parties, or both; or any other sanctions deemed appropriate by the presiding judge.

7. **Firm Trial Date to be Set by Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).** Once a firm trial date is selected, counsel will be directed to prepare and

submit through the Florida E-Portal (the "**Portal**") a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021), which is available under the "Forms" tab of the undersigned's page at http://www.fljud13.org. The Uniform Order Setting Trial & Pretrial (Revised April 30, 2021) will require calculation of additional deadlines in a specified manner.

8. **Requirement to Review and Comply with Administrative Order for Circuit Civil Division.** Counsel and any self-represented parties are **DIRECTED** to review and comply with all provisions of the Thirteenth Circuit's Administrative Order S-2021-014 (*Circuit Civil Division*), and any successive administrative order.

9. **Certificate of Conferral for Non-Dispositive Motions.**

    a. **When Required.** Except for a motion (i) for injunctive relief; (ii) for judgment on the pleadings; (iii) for summary judgment; (iv) to dismiss or to permit maintenance of a class action; (v) to dismiss for failure to state a claim upon which relief can be granted; or (vi) to involuntarily dismiss an action, before the moving party or moving party's counsel files any other motion, the party or counsel should confer with the opposing party or opposing counsel in a good faith effort to resolve the issues raised by the motion. The moving party or moving party's counsel should include in the body of the motion a statement certifying that the moving party or moving party's counsel has conferred with the opposing party or opposing party's counsel—either in person, by telephone, or by video conferencing device—and stating whether the party or counsel agree on the resolution of the motion. A certification to the effect that opposing party or opposing party's counsel was unavailable for a conference before filing a motion should describe, with particularity, all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the subject motion.

    b. **Cancelation of Hearing/Denial of Motion Filed Without Certificate of Conferral.** Counsel and any self-represented parties should anticipate that a hearing set on a motion that lacks such a certification will be canceled and the motion may be denied without a hearing for failure to comply with this requirement.

    c. **Form of Certificate of Conferral.** The certificate of conferral should be substantially in the following form:

    **Certificate of Conferral Prior to Filing**

    *"I certify that prior to filing this motion, I attempted to resolve the matter by discussing the relief requested in this motion by [date and method of communication (select one of the following: in person, telephone, or video conference)] with the opposing party or counsel and [the opposing party or*

Filed 11/18/2024 1:14:28 PM Hillsborough County Clerk of the Circuit Court

Page 4 of 7

*counsel did not agree to that the motion could be resolved without the necessity of a hearing] OR [the opposing party or counsel did not respond and (describe with particularity all of the efforts undertaken to accomplish dialogue with the opposing party or opposing party's counsel prior to filing the motion)]."*

10. **Discovery Provisions.**

   a. **Fact Discovery.**

      i. All discovery must be served in time for a timely response to be received prior to the deadline for completion of fact discovery.

      ii. All non-expert witness depositions must occur prior to the deadline for completion of fact discovery.

      iii. Failure to timely complete discovery by the deadline for completion of fact discovery may result in, among other things, exclusion of evidence or other sanctions, or both.

   b. **Expert Discovery.**

      i. Expert disclosure must occur by the deadline indicated below.

      ii. Contemporaneous with disclosure of each expert, the disclosing party must provide to all other parties:

         1. No less than five proposed deposition dates, all of which must be prior to the deadline to complete expert discovery; and

         2. For each expert:

            a. Identify the expert's area of expertise;

            b. Identify the subject matter on which the expert is expected to testify;

            c. Summarize the substance of the facts and opinions to which the expert is expected to testify; and

            d. Summarize the grounds for each opinion.

      iii. The court may preclude an expert from testifying outside of the disclosed opinions.

      iv. All expert witness depositions must be conducted prior to the deadline for completion of expert discovery.

      v. It is the responsibility of counsel to select experts who:

           1. Are prepared to make themselves available for deposition within the expert discovery period; and

           2. Are prepared to respond promptly to requests for deposition dates.

      vi. If an expert cannot be deposed prior to the deadline for completion of expert discovery despite timely and reasonable efforts of opposing counsel to secure deposition dates, that expert's testimony may be excluded at trial.

11. **Deadlines.** The deadlines set forth below are **ESTABLISHED** and will **GOVERN** this case and will be strictly enforced by the Court. Counsel and any self-represented parties are **DIRECTED** to review, calendar, and abide by them:

| Action or Event | Date |
|---|---|
| **Complaint filing date.** | 11/17/2024 |
| **Deadline for service of complaint.**<br>[120 days after filing of complaint; see Rule 1.070(j), Fla. R. Civ. P.] | 3/17/2025 |
| **Deadline for adding parties.**<br>[150 days after filing of complaint; subject to Rule 1.210, Fla. R. Civ. P.] | 4/16/2025 |
| **Deadline for service under extensions.**<br>[180 days after filing of complaint; see Rule 1.070(j), Fla. R. Civ. P.] | 5/16/2025 |
| **Court-Ordered Case Management Conference.**<br>NOTE: This hearing will be conducted remotely. Please see paragraph 6(b) for connection instructions.<br>[210 days after filing of complaint.] | 06/04/2025<br>At<br>9:30 AM |
| **Deadline for completion of fact discovery.** | 8/14/2025 |

| | |
|---|---|
| [270 days after filing of complaint.] | |
| **Deadline for filing motion to compel discovery.**<br>[284 days after filing of complaint.] | 8/28/2025 |
| **Plaintiff's expert disclosure deadline.**<br>[300 days after filing of complaint.] | 9/15/2025 |
| **Defendant's expert disclosure deadline.**<br>[330 days after filing of complaint.] | 10/13/2025 |
| **Rebuttal expert disclosure deadline.**<br>[344 days after filing of complaint.] | 10/27/2025 |
| **Deadline for completion of compulsory medical exam, if applicable and requested ("CME").**<br>[390 days after filing of complaint; subject to Rule 1.360(1)(A), Fla. R. Civ. P.] | 12/12/2025 |
| **Deadline for completion of mediation or non-binding arbitration.**<br>[420 days after filing of complaint.] | 1/12/2026 |
| **Deadline for completion of expert discovery.**<br>[420 days after filing of complaint.] | 1/12/2026 |
| **Month and year of the projected trial term.**<br>[540 days after filing of complaint; *see* Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B); firm trial date will be set by entry of a Uniform Order Setting Trial & Pretrial (Revised April 30, 2021).] | May, 2026 |

ENTERED by the undersigned judge on the date imprinted below.

24-CA-009169 11/18/2024 1:14 PM

24-CA-009169 11/18/2024 1:14:28 PM
Melissa M. Polo, Circuit Judge

Filed 11/18/2024 1:14:28 PM Hillsborough County Clerk of the Circuit Court

Page 7 of 7

Filing # 211104285 E-Filed 11/17/2024 09:39:22 PM

IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

MCS OF TAMPA, INC.,
a Florida corporation,
    Plaintiff,

v.                                        Case No. _____

SIEMENS INDUSTRY, INC.,
a Delaware corporation,
    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MCS of Tampa, Inc. d/b/a Mission Critical Solutions, sues Defendant, Siemens Industry, Inc., a Delaware corporation, and says:

1. This is an action for damages in excess of $50,000.

2. Plaintiff is a Florida corporation with its principal place of business in Hillsborough County, Florida.

3. MCS is an acronym for "Mission Critical Solutions." Plaintiff is a leading-edge technology solutions provider dedicated to information technology, electrical infrastructure projects, and information technology services programs with various branches of state, local and the United States government, including the Department of Defense. Plaintiff has provided solutions in alternative energy, audio/visual, building automation, electrical and lighting, fire alarm installation, security systems, voice/data, and system cabling since 1991.

4. Defendant is a Delaware corporation with its principal place of business in Alpharetta, Fulton County, Georgia. Defendant is part of the Siemens Group USA and the global German conglomerate Siemens AG.

5. The causes of action alleged herein arose in Hillsborough County, Florida.

6. In November 2022, Plaintiff was engaged as a sub-contractor for projects to replace fire alarm systems in two state office buildings in Tallahassee, referred to as the "Fletcher Project" and the "Collins Project." The prime contractor on such projects is referred to as "CBI."

7. In December 2022 Plaintiff engaged Defendant, as a sub-sub-contractor and supplier, to provide fire alarm devices and other materials and services in connection with the Fletcher and Collins Projects.

8. In April-May 2023, Defendant engaged Plaintiff as a subcontractor on a similar project on another state office building in Tallahassee, referred to as the Larson Project. For the Larson Project, Plaintiff was engaged to install fire alarm devices furnished by Defendant. Defendant was also to furnish services, such as programming the devices after installation.

9. Due to Defendant's mismanagement and contractual defaults related to the Larson project, conflict arose between the parties.

10. In connection with such conflicts, Defendant' project manager, attorney, and others asserted that the problems and conflicts were the result of "gross mismanagement by Plaintiff" and that Plaintiff was "in desperate financial straits, and thus at risk of being unable to meet any of its payment or other obligations."

11. These statements were initially made to Plaintiff's CEO and numerous junior employees of Plaintiff, but were later improperly transmitted, repeated, and republished to CBI and to the owner, the Florida Department of Management Services.

12. Defendant's personnel improperly communicated directly with CBI on other occasions. Such communications were initially concealed from Plaintiff, but their existence and overall gist was later discovered. The gist of these communications was to blame problems and conflict on the projects on Plaintiff, and disparage Plaintiff's skill, competence, and financial soundness.

13. Defendant's statements that Plaintiff was guilty of mismanagement, that the problems, delay, and conflicts on the three projects were Plaintiff's fault, and that Plaintiff was financially insecure and unsound, and related assertions, were false; literally, by omission and concealment, and by implication and innuendo.

14. Defendant made such false statements with actual knowledge of their falsity, or in reckless disregard of their truth or falsity.

15. As a result of Defendant's knowingly false statements, CBI terminated Plaintiff from the Fletcher and Collins projects in September 2023 and has since sued Plaintiff in Leon County Circuit Court.

16. All conditions precedent to Defendant's liability and to Plaintiff's right to bring the claims asserted herein have been performed, have occurred, or have been otherwise discharged.

## COUNT I
## DEFAMATION

17. Plaintiff realleges paragraphs 1-16.

18. Defendant made statements that Plaintiff was guilty of mismanagement, that the problems, delay, and conflicts on the three projects were Plaintiff's fault, and that Plaintiff was financially insecure and unsound, and related assertions.

19. Such statements were false; literally, by omission and concealment, and by implication and innuendo.

20. Defendant's false statements were defamatory, in that they tended to subject Plaintiff to hatred, distrust, ridicule, contempt, or disgrace, and tended to injure Plaintiff in its business relations.

21. Defendant's statements were defamatory per se, in that Defendant accused Plaintiff of misconduct incompatible with the exercise of Plaintiff's business.

4

22. Defendant made such false statements with actual knowledge of their falsity, or in reckless disregard of their truth or falsity.

23. Defendant made such false statements with express and actual malice, in that Defendant intended to inflict reputational harm on Plaintiff by deflecting blame for problems in the three projects caused by Defendant onto Plaintiff, to harm Plaintiff's relationship with CBI, and to procure Plaintiff's termination from the Fletcher and Collins Projects.

24. As a proximate result of Defendant's false and defamatory accusations, Plaintiff has suffered past and future economic losses, including losses resulting from its termination from the Fletcher and Collins projects and ensuing litigation.

25. As a proximate result of Defendant's false and defamatory accusations, Plaintiff has suffered past and future harm to its business reputation.

26. To the extent Defendant's false and defamatory statements, and their reasonably foreseeable repetition and republication, impede Plaintiff from obtaining future projects, Plaintiff will suffer additional economic damages.

**WHEREFORE**, Plaintiff, MCS of Tampa, Inc., demands judgment against Defendant, Siemens Industry, Inc., for damages, prejudgment interest, and costs, and for such other and further relief as the Court may deem appropriate.

## COUNT II
## TORTIOUS INTERFERENCE

27. Plaintiff realleges Paragraphs 1 through 16.

28. Plaintiff had a contractual and business relationship with CBI.

29. Defendant knew of such relationship.

30. Defendant unjustifiably interfered with such relationship, and thereby induced CBI to terminate Plaintiff's subcontract for the Fletcher and Collins Projects and thereafter sue Plaintiff.

31. As a proximate result of Defendant's interference, Plaintiff has suffered past and future economic losses, including losses resulting from its termination from the Fletcher and Collins projects and ensuing lawsuit.

WHEREFORE, Plaintiff, MCS of Tampa, Inc., demands judgment against Defendant, Siemens Industry, Inc., for damages, prejudgment interest, and costs, and for such other and further relief as the Court may deem appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE.

Dated: November 17, 2024

/s/ Jesse L. Skipper
Jesse L. Skipper
Fla. Bar No. 0784990
Jesse L. Skipper, P.A.
1017 Ninth Avenue North
St. Petersburg, FL 33705
Tel: (727) 896-8781
Fax: (727) 823-6792
jesse.skipper@skipperlaw.net
Attorney for Plaintiff

Filing # 213237505 E-Filed 12/19/2024 04:20:44 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Case No.: 24-CA-009169
Division C

MCS OF TAMPA, INC.,
a Florida corporation,

    Plaintiff,

v.

SIEMENS INDUSTRY, INC.,
a Delaware corporation,

    Defendant.
_____/

## NOTICE OF APPEARANCE

COME NOW JEREMY SPRINGHART, ESQUIRE and the law firm of NELSON MULLINS RILEY & SCARBOROUGH LLP, and hereby file their Notice of Appearance as counsel for Defendant, SIEMENS INDUSTRY, INC., a Delaware corporation ("Siemens").

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of December, 2024, a true and correct copy of the foregoing has been filed using the State of Florida ePortal Filing System. I further certify that a copy of the foregoing has been sent via electronic mail to JESSE L. SKIPPER, ESQUIRE, jesse.skipper@skipperlaw.net, 1017 9th Avenue North, St. Petersburg, Florida 33705.

NELSON MULLINS RILEY & SCARBOROUGH LLP
*Attorneys for Defendant, SIEMENS INDUSTRY, INC., a Delaware corporation,*

 /s *Jeremy Springhart*
**JEREMY SPRINGHART, ESQ.**
Florida Bar Number: 0506052
390 N. Orange Avenue, Suite 1400
Orlando, FL  32801

Page **1** of **2**

4878-9159-1917 v.1

Telephone No. 407.669.4200
Jeremy.springhart@nelsonmullins.com
nancy.haarmann@nelsonmullins.com

Page **2** of **2**

4878-9159-1917 v.1

Filing # 213237505 E-Filed 12/19/2024 04:20:44 PM

IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

Case No.: 24-CA-009169
Division C

MCS OF TAMPA, INC.,
a Florida corporation,

    Plaintiff,

v.

SIEMENS INDUSTRY, INC.,
a Delaware corporation,

    Defendant.
_____/

## DESIGNATION OF E-MAIL ADDRESSES

COME NOW JEREMY SPRINGHART, ESQUIRE and the law firm of NELSON MULLINS RILEY & SCARBOROUGH LLP, and hereby file their Designation of E-Mail Addresses as counsel for Defendant, SIEMENS INDUSTRY, INC., a Delaware corporation ("Siemens"). It is requested that all correspondence, pleadings, and any other documents in connection therewith be copied to the undersigned as counsel for Defendant, Siemens.

Pursuant to Florida Rule of Judicial Administration 2.516, Defendant, Siemens, by and through its undersigned counsel, hereby gives notice of designating the following email addresses:

Jeremy Springhart, Esquire        jeremy.springhart@nelsonmullins.com
                                         nancy.haarmann@nelsonmullins.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 19th day of December, 2024, a true and correct copy of the foregoing has been filed using the State of Florida ePortal Filing System. I further certify that a copy of the foregoing has been sent via electronic mail to JESSE L. SKIPPER, ESQUIRE,

4878-9159-1917 v.1

jesse.skipper@skipperlaw.net, 1017 9th Avenue North, St. Petersburg, Florida 33705.

                          NELSON MULLINS RILEY & SCARBOROUGH LLP
                          *Attorneys for Defendant, SIEMENS INDUSTRY,*
                          *INC., a Delaware corporation,*

                          */s Jeremy Springhart*
                          **JEREMY SPRINGHART, ESQ.**
                          Florida Bar Number: 0506052
                          390 N. Orange Avenue, Suite 1400
                          Orlando, FL  32801
                          Telephone No. 407.669.4200
                          Jeremy.springhart@nelsonmullins.com
                          nancy.haarmann@nelsonmullins.com