UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MCS OF TAMPA, INC.,

    Plaintiff,

v.

                                      Case No:   8:25-cv-00060-JLB-AEP

SIEMENS INDUSTRY, INC.,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff's (MSC of Tampa, Inc.) Motion to Deny or Defer Consideration of Defendant's Motion for Summary Judgment (Doc. 45). Defendant (Siemens Industry, Inc.) filed its Motion for Summary Judgment (Doc. 44) on May 16, 2025. Discovery for this case is due on May 22, 2026. (Doc. 16). Plaintiff argues that a decision on Defendant's pending Motion for Summary Judgment should be denied or deferred until after the completion of discovery pursuant to Federal Rule of Civil Procedure 56(d). (Doc. 45 at 2–3). The Court agrees.

Fed. R. Civ. P. 56(d) allows a district court to deny summary judgment if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." "A Rule [56(d)] motion must be supported by an affidavit which sets forth with particularity the facts the moving party expects to discover and how those facts would create a genuine issue of

material fact precluding summary judgment." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998).

Plaintiff contends that it will be making several written discovery requests and deposing several of Defendant's employees "to gather further evidence" supporting Plaintiff's defamation claim. (Doc. 45 at 2; *see* Doc. 1 at ¶¶ 18–27). Specifically, Plaintiff argues that this discovery is necessary to prove that the allegedly defamatory statements were false, that Defendant was aware of the falsity, and that Defendant made the statements to prevent Plaintiff from replacing it as sub-subcontractor. (Doc. 45 at 2).

In support of its Motion, Plaintiff has attached the Declaration of Andrew J. Mayts, Jr., Plaintiff's counsel. (Doc. 45-1). The Declaration affirms Plaintiff's need for further discovery to oppose Defendant's Motion for Summary Judgment. For instance, Defendant's Motion for Summary Judgment argues that Plaintiff's defamation claim fails because statements made to executives or managerial employees of the same entity are not published. (Doc. 45-1 at ¶ 8) (citing Doc. 44 at 14–15). However, Plaintiff alleges that Defendant made the false statements to those outside of Defendant's company. (Doc. 45-1 at ¶ 8). Thus, further discovery is needed. This alone demonstrates that time for discovery may lead to the showing of a genuine dispute of fact, given that Defendant's Motion for Summary Judgment argues no false statements about Plaintiff were made to any third party. (*See* Doc. 44 at 14–16). Indeed, "MSC has not yet served written discovery requests on Siemens in this case" and "[n]o party has taken depositions[.]" (Doc. 45-1 at ¶ 7).

2

Further, as this Court has previously noted, "[t]he discovery process will bear out what Plaintiff's exact . . . claims are[.]"  (Doc. 46).

Defendant argues that the Amended Complaint does not allege facts supporting a defamation by implication claim because it alleges that all the alleged statements are false and, therefore, discovery is unnecessary for that claim.  (Doc. 47 at 3; Doc. 37 at ¶ 14).  However, the Amended Complaint alleges that the statements "were false; literally, by omission and concealment, *and by implication and innuendo*."  (Doc. 37 at ¶ 14); *see Jews For Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008) (explaining that defamation by implication is "the concept that literally true statements can be defamatory where they create a false impression").  Thus, Plaintiff does allege defamation by implication.

Next, Defendant argues that "[a]dditional discovery will not alter the Court's ruling as to" unidentified statements that Plaintiff explained in its Answer and Objections to Defendant's interrogatories consisted of "further false statements about MCS' desperate financial condition, default of its contractual duties, and gross mismanagement of projects[.]"  (Doc. 47 at 4) (citing Doc. 44-4 at 2).  However, Plaintiff went on to explain that "MCS has yet to fully obtain [the statements] through discovery."  (Doc. 44-4 at 2).  Thus, the Court rejects Defendant's conclusory argument that additional discovery as to these statements will not change the Court's decision.

Last, Defendant argues that Plaintiff's Declaration (Doc. 45-1) supporting its Motion does not demonstrate that discovery is needed.  (Doc. 47 at 5–9).  Namely,

3

Defendant argues that the Declaration is not supported by personal knowledge because it says, "I have personal knowledge of the facts and matters set forth in this Declaration, or I have determined such facts from an examination of our files and the record in this case." (*Id.* at 6) (citing Doc. 45-1 at ¶ 4). This is a sufficient statement indicating that the declarant, Mr. Mayts, has personal knowledge of the assertions in the Declaration. Indeed, Defendant does not point to any facts set out in the Declaration that are not based on personal knowledge. (*See* Doc. 47 at 6). In any case, "[i]n this Circuit, a party opposing a motion for summary judgment need not file an affidavit [or declaration] pursuant to Rule 56(f) . . . in order to invoke the protection of that Rule." *Parisi v. Sabal Springs Homeowners Ass'n, Inc.*, No. 2:22-CV-504-JES-KCD, 2023 WL 4052252, at *2 (M.D. Fla. June 16, 2023) (quoting *Snook v. Tr. Co. of Georgia Bank of Savannah*, 859 F.2d 865, 871 (11th Cir. 1988) (alterations in original)). "This circuit recognizes that the interests of justice sometimes require postponement in ruling on a summary judgment motion, although the technical requirements of Rule 56(f) have not been met."[1] *Fernandez v. Bankers Nat. Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990) (citing *Snook*, 859 F.2d at 871). In plain language, "[f]orm is not to be exalted over fair procedures." *Snook*, 859 F.2d at 871.

Defendant also argues that the Declaration is based on hearsay and speculation rather than facts, providing the example that the Declaration asserts

---

[1] "Effective December 1, 2010, Rule 56(f) was reclassified as Rule 56(d) with no substantial change." *Harrison v. Culliver*, 746 F.3d 1288, 1295 (11th Cir. 2014). "Thus, precedent prior to 2010 citing [r]ule 56(f) is fully applicable to current [r]ule 56(d)." *Burns v. Town of Palm Beach*, 999 F.3d 1317, 1331 (11th Cir. 2021) (citation omitted).

4

that Defendant made "false statements." (*Id.*) (citing Doc. 45-1 at ¶¶ 8, 9, 15).  This overlooks Plaintiff's allegation that Defendant made defamatory statements about Plaintiff's financial status, some of which Plaintiff is aware and others it "needs . . . discovery to identify[.]"  (*See* Doc. 45-1).  That is precisely what a motion under Fed. R. Civ. P. 56(d) is for—to allow a party further discovery before the court considers any pending summary judgment motion.

     Upon due consideration, the Court determines that Plaintiff's Motion should be granted in part to the extent that it moves for denial of Defendant's Motion for Summary Judgment.  Therefore, Defendant's Motion for Summary Judgment should be denied *without prejudice* as premature.  Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . deny it"); *see Snook v. Tr. Co. of Georgia Bank of Savannah*, 859 F.2d 865, 870 (11th Cir. 1988) ("[S]ummary judgment should not be granted until the party opposing the motion has had an adequate opportunity for discovery."); *United States v. Kaniadakis*, No. 8:17-CV-1269-T-33TGW, 2017 WL 4286636, at *3 (M.D. Fla. Sept. 27, 2017) (denying without prejudice defendant's summary judgment motion as "prematurely

filed . . . in order to allow the parties the opportunity to engage meaningfully in discovery").

Accordingly:

1. Plaintiff's Motion to Deny or Defer Consideration of Defendant's Motion for Summary Judgment (Doc. 45) is **GRANTED in part and DENIED in part**.

2. Defendant's Motion for Summary Judgment (Doc. 44) is **DENIED without prejudice**.

3. Defendant may refile its Motion for Summary Judgment within 30 days after the close of discovery. Fed. R. Civ. P. 56(b) ("[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery.").

**ORDERED** in Tampa, Florida, on August 29, 2025.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE